# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREIDA KEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Freida Key, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, states as follows for her Complaint against State Farm Mutual Automobile Insurance Company ("State Farm"):

## **INTRODUCTION**

1.  Freida Key is a 45-year-old African American woman with a 16-year career in the insurance industry.

2.  After joining State Farm in July 2021, Freida Key confronted State Farm's culture of racism, discrimination, and retaliation throughout the course of her employment.

3.  As a Senior Claims Specialist in the State Farm Corporate Claims Office, Frieda Key witnessed and experienced discriminatory behavior from her Team Manager David Bowen.

4. Freida Key reported this behavior to Section Manager Todd Bevell and Section Manager Thomas Harford who assured Ms. Key that she would not be retaliated against for reporting Team Manager David Bowen.

5. Moreover, upon information and belief, others have made similar complaints about Team Manager David Bowen's racism and discrimination.

6. Shortly after Freida Key reported this behavior, she was terminated in retaliation for opposing this unlawful discrimination.

7. Freida Key subsequently filed a complaint and a Charge of Discrimination with the federal Equal Employment Opportunity Commission ("E.E.O.C.").

8. Thereafter, the E.E.O.C. issued a "Right-to-Sue" letter to Freida Key giving rise to this lawsuit.

## JURISDICTION AND VENUE

9. On March 14, 2022, Freida Key filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.").

10. A Notice of Right to Sue letter was issued to Freida Key by the E.E.O.C. on March 15, 2022.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action involves federal questions regarding the deprivation of Plaintiff's rights under 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 29 U.S.C. § 621.

12. This Court has personal jurisdiction over the Defendant because the Defendant has its principal place of business within this jurisdiction.

13. Venue is proper in this jurisdiction under 42 U.S.C. § 2000e-5(f)(3) because Defendant's unlawful employment practice was committed in this judicial district, and the employment records relevant to their unlawful practices are maintained and administered in this judicial district. Alternatively, Defendant's principal office is within this judicial district..

## PARTIES

14. Freida Key is a 45-year-old African American female, and a former employee of State Farm.

15. At all relevant times, Freida Key was employed by State Farm in the Dunwoody, Georgia office.

16. Freida Key earned her Bachelor of Business Administration from Columbus State University and her Master of Science and Management in Business Administration from Troy University.

17. State Farm is a large group of insurance companies throughout the United States, including Georgia, with its corporate headquarters in Bloomington, Illinois.

18. Defendant's headquarters and principal office in Bloomington, Illinois maintains and administers relevant employment records, including individual employee employment records, manager employment records, employee handbooks, discrimination and harassment policies, and discrimination and harassment investigation materials.

19. State Farm is an employer as defined by Title VII of the Civil Rights Act of 1964 and was, at all relevant times to this complaint, Freida Key's employer.

20. State Farm is an employer as defined by the Age Discrimination in Employment Act of 1967 ("ADEA") and was, at all times relevant to this complaint, Freida Key's employer.

## BACKGROUND

21. On or around July 2021, Freida Key began her employment with State Farm as a Senior Claims Specialist in the State Farm Corporate Claims Office in Dunwoody, Georgia.

22. On or around October 2021, after completing her mandated three-month long training, Freida Key was assigned to the team of Team Manager David Bowen.

23. Freida Key was subject to harsh racism, race discrimination, and age discrimination while under the supervision and direction of Team Manager David Bowen, including:

   a. Team Manager David Bowen telling Ms. Key to "work faster" on numerous occasions after being on the job for less than three months, while still learning State Farm's internal systems, and while similar demands were not made of white or younger employees;

   b. Team Manager David Bowen ridiculing Ms. Key on several occasions when she used State Farm's open-door policy to ask him questions throughout her training while white and younger employees were not forced to endure similar treatment;

   c. Team Manager David Bowen mandating Ms. Key's daily lunch time, contrary to State Farm policy and while similar mandates were not imposed on white and younger employees;

   d. Team Manager David Bowen demanding Ms. Key, in the middle of the workday, complete a white colleague's assignments by 4:00pm or else

she would be deemed "unacceptable." Notably, Ms. Key also had her own assignments to complete throughout the workday and similar demands were not imposed on white and younger employees.

24. On or around December 2021, Freida Key, along with another African American employee, reported this harsh criticism, racism, and discrimination by Team Manager David Bowen to State Farm management, including to Section Manager Todd Bevell and Section Manager Thomas Harford.

25. State Farm management assured Frieda Key that she would not be retaliated against for reporting Team Manager David Bowen.

26. State Farm management were aware of Team Manager David Bowen's conduct and were required to immediately report Team Manager David Bowen's actions to State Farm's agents in State Farm's headquarters in Bloomington, IL.

27. State Farm's headquarters and principal office in Bloomington, IL had actual and/or constructive knowledge of Team Manager David Bowen's actions and Plaintiff's related complaints.

28. State Farm's headquarters and principal office in Bloomington, IL maintained and administered records related to Frieda Key and Team Manager David Bowen.

29. On or around January 25, 2022, Freida Key was terminated for "tasks still pending."

30. State Farm's stated reason was pretextual.

31. For context, in the days leading up to her termination, Freida Key was told by Team Manager David Bowen to assist another State Farm employee, white

female, with tasks the employee was behind on. Despite finishing her own tasks and that of another employee, Ms. Key was terminated for "tasks still pending." To date, Ms. Key is unaware of any other terminations for "tasks still pending" by members of Team Manager David Bowen's team.

32. Freida Key never received any prior disciplinary action.

33. At all relevant times, Frieda Key was the only State Farm employee on her team and in her section group who consistently remained in the "green" – indicating that her performance numbers were satisfactory.

## COUNT I
### Title VII, 42 U.S.C. § 2000(e), et seq.
### Discrimination, Harassment, and Hostile Work Environment Claim

34. Each of the foregoing paragraphs are incorporated herein as if fully restated.

35. As an African American, Freida Key is a member of a protected class.

36. As described above, State Farm's conduct towards Freida Key was discriminatory and occurred because of and based upon Ms. Key's race.

37. State Farm's conduct occurred over several months, constituting a continuing course of discrimination towards Plaintiff.

38. State Farm committed an unlawful employment practice by treating Plaintiff differently because of her race, causing a change in the condition of her employment and subjecting her to a hostile work environment.

39. Plaintiff was subjected to a racially discriminatory environment that was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact did perceive to be so.

40. State Farm's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

41. State Farm's conduct had the purpose or effect of creating an intimidating, hostile and offensive work environment.

42. State Farm's actions permeated the workplace with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive and regular to alter the conditions of Plaintiff's employment and create an abusive working environment.

43. State Farm's racist and discriminatory conduct created a hostile work environment for Freida Key.

44. State Farm's racist and discriminatory conduct included terminating Freida Key for racially discriminatory reasons.

45. State Farm willfully and intentionally subjected Freida Key to racial discrimination.

46. State Farm knew its actions violated Title VII or it was recklessly indifferent in that regard.

47. Defendant has therefore denied Plaintiff her rights under the Civil Rights Act of 1964 and she has suffered damages as a direct result of her rights being violated.

48. As a direct and proximate result of the foregoing, Freida Key has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Freida Key claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### COUNT II
### Title VII, 42 U.S.C. § 2000(e)-(3)
### Retaliation

49. Each of the foregoing paragraphs are incorporated herein as if fully restated.

50. Freida Key engaged in a statutorily protected activity when she reported racism and discriminatory conduct to State Farm.

51. State Farm and its agents intentionally retaliated against Freida Key in response to her reporting.

52. State Farm took a materially adverse action against Freida Key when State Farm terminated her.

53. These adverse actions were directly related and causally connected to Freida Key's reporting of State Farm's racism and discriminatory conduct.

54. These adverse actions were in direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

55. By reason of this retaliation by State Farm, Freida Key suffered a loss of earnings and benefits, in addition to suffering great pain, distress, anxiety, and mental anguish, all to her damage.

56. As a direct and proximate result of the foregoing, Freida Key has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Freida Key claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## COUNT III
**Civil Rights Act of 1866, 42 U.S.C. § 1981**
**Intentional Racial Discrimination and Hostile Work Environment**

57. Each of the foregoing paragraphs are incorporated herein as if fully restated.

58. As described above, State Farm's conduct towards Freida Key was discriminatory and occurred because of and based upon Ms. Key's race.

59. State Farm willfully and intentionally subjected Freida Key to racial discrimination.

60. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

61. Defendant has therefore denied Plaintiff her rights under Section 1981 of the Civil Rights Act of 1866 and she has suffered damages as a direct result of her rights being violated.

62. As a direct and proximate result of the foregoing, Freida Key has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Freida Key claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**COUNT IV**
**Civil Rights Act of 1866, 42 U.S.C. § 1981**
**Retaliation**

63. Each of the foregoing paragraphs are incorporated herein as if fully restated.

64. Freida Key engaged in a statutorily protected activity when she reported racism and discriminatory conduct to State Farm.

65. State Farm and its agents intentionally retaliated against Freida Key in response to her reporting.

66. State Farm took a materially adverse action against Freida Key when State Farm terminated her.

67. State Farm's actions in this regard were willful, intentional, and based upon Freida Key's race.

68. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

69. These adverse actions were directly related and causally connected to Freida Key's reporting of State Farm's racism and discriminatory conduct.

70. These adverse actions were in direct violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

71. By reason of this retaliation by State Farm, Freida Key suffered a loss of earnings and benefits, in addition to suffering great pain, distress, anxiety, and mental anguish, all to her damage.

72. As a direct and proximate result of the foregoing, Freida Key has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Freida Key claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## COUNT V
**Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
Discrimination, Harassment, and Hostile Work Environment Claim**

73. Each of the foregoing paragraphs are incorporated herein as if fully restated.

74. As a 45-year-old, Freida Key is a member of a protected age class.

75. Freida Key was qualified for her employment with State Farm.

76. State Farm's conduct toward Freida Key was discriminatory and occurred because of and based upon her age.

77. State Farm's conduct occurred over several months, constituting a continuing course of discrimination towards Plaintiff.

78. State Farm committed an unlawful employment practice by treating Plaintiff differently because of her age, causing a change in the condition of her employment and subjecting her to a hostile work environment.

79. Plaintiff was subjected to an age-based discriminatory environment that was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact did perceive to be so.

80. State Farm's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

81. State Farm's conduct had the purpose or effect of creating an intimidating, hostile and offensive work environment.

82. State Farm's actions permeated the workplace with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive and regular to alter the conditions of Plaintiff's employment and create an abusive working environment.

83. State Farm's discriminatory conduct created a hostile work environment for Freida Key.

84. State Farm's discriminatory conduct included terminating Freida Key for age-based discriminatory reasons.

85. State Farm willfully and intentionally subjected Freida Key to age-based discrimination.

86. State Farm knew its actions violated the Age Discrimination in Employment Act or it was recklessly indifferent in that regard.

87. Defendant has therefore denied Plaintiff her rights under the Age Discrimination in Employment Act and she has suffered damages as a direct result of her rights being violated.

88. As a direct and proximate result of the foregoing, Freida Key has suffered, and will continue to suffer, damages, including, but not limited to, loss of front and back wages, earnings, benefits, emotional distress, and other damages to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Freida Key, by and through her attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, respectfully requests that the Court enter an Order granting the following relief against the Defendant, State Farm Mutual Automobile Insurance Company:

   A.   Awarding Plaintiff actual damages;

   B.   Awarding Plaintiff lost wages;

   C.   Awarding Plaintiff damages for her emotional distress;

   D.   Awarding Plaintiff punitive damages;

   E.   Awarding Plaintiff her reasonable attorneys' fees and litigation costs; and

   F.   Awarding such other and further relied as the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action on each and every one of her claims.

Dated: June 10, 2022

Respectfully Submitted,

/s/ Robert J. McLaughlin, Esq.

Robert J. McLaughlin, Esq.
Steven A. Hart, Esq.
Carter D. Grant, Esq.
Y'Noka Y. Bass, Esq.
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel: (312) 955-0545
Fax: (312) 971-9243
FIRM ID: 59648
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com